IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES A. EVANS,
#K90499,

    Petitioner,

v.

FRANK LAWRENCE,

    Respondent.

Case No. 19-cv-01290-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Petitioner James A. Evans, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his convictions in two related cases for murder, solicitation of murder, conspiracy to commit murder, and sale of a firearm by a felon in Madison County, Illinois, Case Numbers 98-CF-2131 and 99-CF-634.

    Evans's Motion to Amend (Doc. 5) seeks to amend the petition only by adding a prayer for relief. The Motion is **GRANTED**, and the Amended Petition is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

    Evans details his lengthy pursuit of state court remedies. In short, he was convicted in August and November 1999, and filed direct appeals in both cases. The Illinois Supreme Court denied leave to appeal in both cases. Evans then filed postconviction petitions in both cases in 2003. Those petitions are still pending. Evans

asserts that inordinate delay in state proceedings amount to an absence of state process. He asks this Court to order his convictions reversed, grant him immediate release, and/or enter a supervisory order requiring the state court to adjudicate his petitions in a timely manner.

Section 2254 permits a federal court to grant habeas relief where a person convicted in state court is in custody in violation of the Constitution or laws of the United States. It does not authorize a federal court to take over or supervise a state court proceeding. Evans alleges inordinate delay in the state proceedings, which may serve to excuse exhaustion and procedural default, but he does not allege any grounds for habeas relief. Therefore, the Amended Petition must be dismissed for failure to state a claim.

Accordingly, the Clerk of Court is **DIRECTED** to file the First Amended Petition. For the reasons set forth above, the First Amended Petition is **DISMISSED** without prejudice for failure to state a claim, but Evans will be given a chance to amend.

Should Evans wish to proceed with his case, he shall file a Second Amended Petition on or before **April 14, 2020**. It is strongly recommended that Evans use the form designed for use in this District for Section 2254 actions. He should label the pleading "Second Amended Petition" and include Case Number 19-cv-1290-NJR.

An amended pleading supersedes and replaces the prior pleading, rendering the prior pleading void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments. Thus, the Second Amended Petition must contain all the relevant allegations in support of Evans's claims and must stand on its own, without reference to any other pleading. In order to state a claim, the Second Amended Petition must set forth the grounds for habeas relief. The Second

Amended Petition will be subject to preliminary review.

Should the Second Amended Petition not conform to these requirements, it shall be stricken. Failure to file an amended petition shall result in the dismissal of this action with prejudice. The Clerk is **DIRECTED** to mail Evans a blank Section 2254 petition form.

Finally, Evans is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:   March 16, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**