IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES A. EVANS,<br>    Petitioner,<br><br>v.<br><br>FRANK LAWRENCE,<br><br>    Respondent. | Case No. 19-cv-01290-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

  Petitioner James A. Evans, an inmate of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his convictions in two related cases for murder, solicitation of murder, conspiracy to commit murder, and sale of a firearm by a felon in Madison County, Illinois, Case Numbers 98-CF-2131 and 99-CF-634.

  The case is now before the Court for a preliminary review of the Second Amended Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. There does appear to be an issue as to exhaustion of state remedies because Evans acknowledges that his post-conviction petitions in state court are still pending. But he asks the Court to waive the exhaustion requirement because his petitions have been pending since 2003. When a prisoner faces an inordinate and unjustified delay in attempting to exhaust his state remedies, a district court may excuse a petitioner from the usual requirement that he pursue state avenues of review before seeking federal relief. *See Sceifers v. Trigg*, 46 F.3d 701, 703 (7th Cir. 1995); *Lane v. Richards*, 957 F.2d 363, 365 (7th

Cir. 1992). Based on the limited record, the Court cannot determine at this stage whether there has been an inordinate delay allowing Evans to proceed with his Second Amended Petition. The issue of exhaustion will require further briefing. Accordingly, the Court concludes that the Second Amended Petition survives preliminary review under Rule 4.

**IT IS HEREBY ORDERED** that Respondent Lawrence shall answer or otherwise plead on or before **June 26, 2020.**[1] This preliminary order to respond does not preclude the Government from raising any objection or defense it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

Evans is **ADVISED** of his continuing obligation to keep the Clerk of Court (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   May 28, 2020**

                                                  */s/ Nancy J. Rosenstengel*

                                                  _____
                                                  **NANCY J. ROSENSTENGEL**
                                                  **Chief U.S. District Judge**

---

[1] The response date Ordered here is controlling. Any date that the Case Management/Electronic Case Filing ("CM/ECF") system should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.