IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES A. EVANS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:19-cv-1290-DWD |
| | ) |
| ANTHONY WILLS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

On November 22, 2019, Petitioner James A. Evans filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was amended until Third Amended Petition. (Docs. 1 & 22). Respondent filed a Motion to Dismiss the Petition (Doc. 29) and the matter was extensively briefed by both sides. (Docs. 29, 48, 49, and 51). On March 22, 2021, the Court granted Respondent's Motion because Evans had not exhausted his state court remedies. (Doc. 52). Now before the Court is Evans' Motion to Alter or Amend the Court's Judgment pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 54)

"To prevail on a motion for reconsideration under Rule 59, the movant must present either newly discovered evidence or establish a manifest error of law or fact. A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations and quotation marks omitted). Evans presents no newly discovered evidence. Instead, he

asserts a mixed "manifest error" argument that the Court misunderstood the factual record as to who was "at fault" for certain portions of the 16-year delay between his state court post-conviction filings and his filing in this Court, and then misapplied controlling precedent to those misunderstood facts.

To succeed in a habeas petition, the petitioner must have exhausted the state court remedies available to him or show that there is no "available State corrective process" or that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b). Such circumstances include an "inordinate" delay in the state court proceedings that is "not justifiable." *Sceifers v. Trigg*, 46 F.3d 701, 703 (7th Cir. 1995). The Court determined that Evans has not exhausted his administrative remedies (a point that Evans does not dispute) and that Evans has not shown an exception to the exhaustion requirement because the delays in Evans' state court proceedings were largely due to Evans and his counsel. (Doc. 52 at 10)

As to the alleged factual errors regarding which party caused which portions of the delay, Evans is simply rehashing failed prior arguments. He submitted a 40-page response to the Motion to Dismiss, more than 30 pages of which were devoted to a discussion and tally of who is at fault for various periods of delay. Similarly, his argument about the reliability of the state court records was previously briefed. The Court considered these issues and ruled differently, which is not grounds for relief under Rule 59(e). *See Oto*, 224 F.3d at 606 (holding that Rule 59(e) motion that just "rehashed old arguments" was "properly rejected by the District Court").

Further, Evans has not shown that the court misapplied or failed to apply

controlling precedent in making this finding. Evans cites *Jackson v. Duckworth*, 844 F. Supp. 460 (N.D. Ind. 1994), which he alleges the Court ignored when finding that the delays were justifiable. However, that case is not controlling precedent here. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (noting that a federal district court's opinion is not binding precedent in a different judicial district). Evans also argues that the Court's reliance on *Gacho v. Harrington*, No. 13 C 4334, 2013 WL 5993458, at *2 (N.D. Ill. Nov. 7, 2013), is misplaced because that case is factually distinguishable. (Doc. 54 at 12) However, the Court cited that case as a similar situation where multiple recent hearings in state court show that the proceedings are now moving at a reasonable pace, despite earlier delays. (Doc. 52 at 12)

      Finally, Evans argues that the Court failed to apply controlling precedent to his actual innocence claim for excusing failure to exhaust state court remedies. While the Order does not explicitly address the issue, it is not a "manifest error" because it does not change the outcome. The Supreme Court has recognized that a petitioner can still obtain review of procedurally-defaulted claims by establishing that a fundamental miscarriage of justice would result from denial of his petition because he or she is actually innocent. See *House v. Bell*, 547 U.S. 518, 536–37 (2006). "[T]enable actual-innocence gateway pleas are rare: A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. 383. 386 (2013) (quotation omitted). The new evidence may include "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not

presented at trial." *House*, 547 U.S. at 537.

Here, Evans' claims are not procedurally defaulted but rather premature. Procedurally defaulted claims are ones that cannot be considered in federal court because they were not presented for review during the state court collateral proceedings (*House*) or are unavailable due to a statute of limitations bar (*McQuiggin*). Here, the state court proceedings are ongoing, and Evans has the opportunity to present his *Brady* evidence there. Evans will have another opportunity for federal habeas review after the state court proceedings have concluded, if they are not resolved in his favor. As a result, the actual-innocence exception to exhaustion is not applicable to the present case, and omission of a discussion of the concept in the Order was not manifest error.

For these reasons, it is ORDERED that Evans' motion to alter or amend judgment (Doc. 54) is DENIED. The Clerk of Court is DIRECTED to send a copy of this Order to the Seventh Circuit Court of Appeal.

**SO ORDERED.**

Dated: June 8, 2021

_____
DAVID W. DUGAN
United States District Judge